UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

KHALID WISDOM,

                Plaintiff,

    v.

N.Y.C. 70TH PRECINCT, BROOKLYN NEW
YORK and OFFICER WILLIAM SIMON,

                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
14-CV-2877 (MKB)

-----------------------------------------------------------------

KHALID WISDOM,

                Plaintiff,

    v.

N.Y.C. 62ND PRECINCT, BROOKLYN NEW
YORK and OFFICER CHRISTOP SANTIAGO,

                Defendants.

14-CV-2878 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Khalid Wisdom, proceeding *pro se* and currently incarcerated at Nassau County Correctional Center, brings the above-captioned actions pursuant to 42 U.S.C. § 1983 against Defendants N.Y.C. 70th Precinct and Officer William Simon in Docket No. 14-CV-2877, and N.Y.C. 62nd Precinct and Officer Christop Santiago in Docket No. 14-CV-2878, alleging violations of his civil rights and seeking damages. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court dismisses the Complaints against the 70th Police Precinct, the 62nd Police Precinct and the City of New York. The Complaints shall proceed as to Officer Simon and Officer Santiago.

## I. Background

In the Complaint filed in Docket No. 14-CV-2877, Plaintiff names New York City Police Department 70th Precinct and Officer William Simon as Defendants. Plaintiff alleges that on June 25, 2013, he "was arrested and charged by the 70th Precinct in [B]rooklyn, with a robbery charge" while waiting to appear in court on an unrelated criminal matter. (No. 14-CV-2877, Compl. 4.) Plaintiff was fingerprinted and transported to Central Booking and after waiting several hours, he was told that the criminal case was dismissed and he was allowed to leave. (*Id.* at ECF 4.) Plaintiff alleges that he was falsely arrested. (*Id.* at 4–5.)

In the Complaint filed in Docket No. 14-CV-2878, Plaintiff names New York City Police Department 62nd Precinct and Officer Christop Santiago as Defendants. Plaintiff alleges that on June 29, 2013, the car that he was riding in with his friends was pulled over by an unmarked police car, and officers jumped out of the police car with their weapons drawn, demanding that everyone exit the car. (No. 14-CV-2878, Compl. 4.) Plaintiff and the other car occupants were searched and placed in handcuffs, and the officers refused to answer questions about why they were being searched or whether they were being accused of committing any crimes. (*Id.*) Plaintiff was taken to the 62nd Precinct by officers in an unmarked police car where he was hand-cuffed to a bench "for approximately twenty five (25) hours." (*Id.*) Plaintiff further alleges that he was placed "into four (4) different line-ups" but no one identified him or accused him of committing a crime. (*Id.* at ECF 4). Plaintiff was fingerprinted and transported to Central Booking where he was told that "the D.A. Office did not want to go through with my case, and then without appearing before a Judge in criminal arraignment court" and the charges were dismissed. (*Id.*) Plaintiff alleges that he was falsely arrested, maliciously prosecuted and subject to cruel and unusual punishment. (*Id.* at 4–5.)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Shabazz v. Bezio*, 511 F. App'x 28, 31 (2d Cir. 2013) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and, thereafter, "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an *in forma pauperis* action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

### b. "New York City 70th Precinct" and "New York City 62nd Precinct"

The Complaints are dismissed as to the New York City Police Department's 70th Precinct and 62nd Precinct. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter ch. 16 § 396. That provision has been construed to mean that New York City departments and agencies are not suable entities. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD not a suable entity); *Thomas v. N.Y.C. Police Dep't*, No. 12-CV-6327, 2013 WL 431335, at *1 (E.D.N.Y. Feb. 4, 2013) (same); *Richardson v. N.Y.C. Police Dep't*, No. 12-CV-5753, 2013 WL 101403, at *2 (E.D.N.Y. Jan. 7, 2013) ("The NYPD and its divisions, including the Transit Police, may not be sued directly; instead, any suit against a City agency must be brought against the City of New York."); *Johnson v. N.Y.C. Police Dep't*, No. 12-CV-5423, 2012 WL 5607505, at *3 (E.D.N.Y. Nov. 15, 2012). Therefore, all claims against the 70 Police Precinct and the 62nd Police Precinct are dismissed pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B).

To the extent Plaintiff intended to sue the City of New York, that claim also fails. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 692 (1978); *see also Connick v. Thompson*, 563 U.S. ---, ---, 131 S. Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"). Here, Plaintiff does not allege that any of the alleged

wrongful acts or omissions on the part of any City employee are attributable to a municipal policy or custom. Therefore, Plaintiff has not made the required showing to confer municipal liability on the City of New York.

### III. Conclusion

For the reasons set forth above, the Complaints, filed *in forma pauperis*, are dismissed against the 70th Precinct, the 62nd Precinct and the City of New York pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B). No summons shall issue against these Defendants. The Complaint in Docket No. 14-CV-2877 against William Simon, Officer ID #924497, and the Complaint in Docket No. 14-CV-2878 against Christop Santiago, Officer ID #948507, shall proceed. The Clerk of Court shall issue a summons against Simon and Santiago and the United States Marshals Service is directed to serve the summons, Complaint and a copy of this Memorandum and Order upon Simon and Santiago without prepayment of fees. The Clerk of Court shall mail a courtesy copy of the same papers to the Corporation Counsel for the City of New York, Special Federal Litigation Division. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                                                  SO ORDERED:

                                                  s/MKB
                                          MARGO K. BRODIE
                                          United States District Judge

Dated: May 28, 2014
       Brooklyn, New York